## FURNITURE CASTER ASS'N v. JOHN TOLER SONS & CO.

(Circuit Court, D. New Jersey. January 27, 1898.)

COMPROMISE AND SETTLEMENT—PATENT SUITS—ENTRY OF DECREES.

The real parties in interest in suits on patents owned by them respectively agreed upon a settlement based upon the principle that each patent was valid for the particular device described therein, and not in conflict with the other. The agreement then provided, among other things, that each party would consent to the entering of an injunction in any case to properly protect the rights of the other in accordance with this settlement; and that one of the parties might enter decrees in its favor establishing the validity of its patent, and granting an injunction against the other, according to the principle of settlement. *Held* that, as the agreement was expressly to settle all differences, the court would only allow the entry of this decree on condition that the party asking it would consent to the entry of a like decree against itself in the other suit.

This was a suit in equity by the Furniture Caster Association against John Toler Sons & Co. for infringement of a patent.

A. C. Denison, for complainant.
Thomas F. McGarry, for defendant.

KIRKPATRICK, District Judge. This matter comes before the court on supplemental bill for leave to enter a final decree in accordance with an agreement in writing between the complainant and one William S. Gunn, who is the real defendant in interest. The facts, as disclosed by the record, are that at the time of the making of the said agreement there was pending in this court a suit brought by the complainants herein against the defendants, setting out that the complainants held by assignment a certain patent issued to Berkey & Fox, July 13, 1886, and designated No. 345,613, issued for a certain new and useful improvement in furniture casters, fully described therein, and charging that the said defendants, in violation of their rights, were infringing upon their said patent rights by the manufacture and sale of furniture casters embodying some of the inventions and improvements especially described and claimed in their said patent, and praying that they might be enjoined and restrained from so doing. To this bill the defendants duly answered, denying infringement in fact, and setting up the invalidity of the patent sued upon. Testimony was taken by both parties after replication duly filed. It also appears that, prior to the making of the agreement above referred to, a similar bill, with the same object, had been filed by the complainants in the circuit court of the United States for the district of Connecticut against George D. Clark and William L. Cowles, and was still pending, to which suit also the said Gunn was the real defendant in interest. It is also set out in the

supplemental bill that after the filing of the original bill in this cause the said William S. Gunn became the owner of certain letters · patent No. 342,930, issued to Silas H. Raymond and Edwin Doty, June 1, 1886, for a new and useful invention in furniture casters, application for which had been filed June 1, 1886. The said Gunn afterwards filed his certain bills of complaint, one in the United States circuit court for the district of Connecticut, against Wilmot & Hobbs, and the other in the Western district of Michigan, against the Berkey & Gay Furniture Company, both of whom were manufacturing and using furniture casters under the license of the patent of the complainants herein, and to which suit the complainants herein were the real defendants in interest, setting up his said patent, charging that the defendants were infringers thereof, and asking the usual relief by injunction. Answers and replications were duly filed in these suits, and the complainants' prima facie case put in, when the agreement hereinbefore referred to was made and entered into between the Furniture Caster Association and William S. Gunn, who were the real parties in interest in all of said suits. The agreement is in these words:

"For the purpose of settling the litigation now pending between the Furniture Caster Association of Grand Rapids, Michigan, as complainant, and John Toler Sons & Co., of Newark, New Jersey, and Clark & Cowles, of Plainville, Connecticut, as nominal defendants (William S. Gunn being the real defendant in interest), and William S. Gunn, as complainant, against the Berkey & Gay Furniture Company of Grand Rapids, Michigan, and the Wilmot & Hobbs Manufacturing Company of Bridgeport, Connecticut, as nominal defendants (the Furniture Caster Association being the defendant in interest), it is agreed as follows:

"(1) That the form of caster plate shown and particularly described and specified in patent issued to Silas H. Raymond and Edwin Doty, No. 342,930, the application for which was filed March 15th, 1886, and the patent dated June 1st, 1886, and the form of caster plate particularly shown, described, and specified in the Berkey and Fox patent, No. 345,613, the application for which was filed in the patent office July 29, 1885, and for which patent issued dated July 13, 1886, in no way conflict with each other; that the patent office correctly recognized the Berkey & Fox invention and the said Raymond and Doty invention as separate and independent inventions, in no way conflicting with each other.

"(2) That each party will consent to the entering of an injunction or appropriate restraining order at any time, in any case, properly to protect the rights of either party in accordance with the foregoing principle of settlement; it being understood that no decree is to be entered upon the Raymond and Doty patent, based upon the manufacture, use, or sale of the Berkey and Fox track plate or socket, as the same is described in the patent.

"(3) That each party receipt to the other in full for all alleged past profits and damages caused by the alleged infringements of said patents by the parties, or by any persons acting under or through them as contracting manufacturers, agents, or vendees, and for all taxable costs in said causes.

"(4) That the testimony taken be filed, and said suits be disposed of, so far as practicable, without further costs to either party; that the solicitors of record in the various causes shall enter into any stipulation offered that may be necessary to carry out this agreement.

"(5) That decree or decrees may, if the Furniture Caster Association desires it, be entered in its favor in the cause or causes in which it is the complainant, establishing the validity of the Berkey & Fox patent, and granting injunction in accordance with the foregoing principle of settlement, embodying in such decree or decrees, if said William S. Gunn requires it, the substance of paragraph one of this agreement."

Application is now made to this court on behalf of the complainant for leave to enter its decree in accordance with the terms of the fifth clause of said agreement, the form of decree submitted being in the usual form, with injunction, except that the provisions of the first clause of said agreement are incorporated therein. To this defendant objects unless the complainant will at the same time agree that similar decrees may be entered in the several suits in which the said Gunn is complainant.

It will be observed that the object of the agreement, as stated in its preamble, is to settle all the litigation then pending between the parties. It does not pretend to confer upon either party the right to manufacture and sell the patented article of the other, it assuming in its first clause that the caster covered by complainant's patent is so radically different from that described in defendant's patent that there is no conflict between them, and that no decree shall be entered in favor of one as against the other, based upon the manufacture and sale of the articles described in the respective patents.

There is no difference in the privileges accorded the one to the other in respect to any of the pending suits, or of the rights which either is to enjoy under the patents which they control. The suits are to be settled. Each is to receipt to the other for all alleged past profits and damages caused by alleged infringements. The testimony taken in the suits is to be filed, no further costs incurred, and each is to proceed to carry on business under its own patents. Under the first four articles of the agreement the rights of each are similar. The fifth article, however, grants to the complainant herein a privilege which Gunn does not reserve to himself. In the suits wherein the furniture company is complainant, if they so desire it is stipulated that a decree may be entered establishing the validity of the Berkey & Fox patent, and granting an injunction in accordance with the principles of settlement set out in said agreement embodying the substance of paragraph 1. It is clear from the reading of this paragraph that it was not intended that in this suit (being one of those provided for) the complainant should have the right to an unlimited injunction order against the defendant. It was, by its terms, to be restricted to such an injunction as accorded with the principles of the settlement, which were, as set out in paragraph 1, that the claims of the Raymond & Doty patent in no way conflicted with those of the patent of Berkey & Fox, and that no injunction should be entered upon the Berkey & Fox patent for the manufacture or sale of the Raymond & Doty track plate as described in the patent. Considering the agreement as a whole, and the object to be attained thereby, and reading paragraph 5 in the light of its context, I am of the opinion that in the cause pending in this court wherein the furniture company is complainant it is entitled to a decree establishing the validity of the Berkey & Fox patent, and also an injunction order restraining the defendant from manufacturing, selling, etc., track plates and sockets which shall conform to the track plate and socket which is specifically described in the Berkey & Fox patent, No. 345,613; the decree, how-

ever, recognizing the fact that the patent of Berkey & Fox, belonging to the complainant, and the patent of Raymond & Doty, belonging to said Scott, are separate and independent inventions, in no way conflicting with each other, so that the manufacture and sale of the device described in the one is not to be prohibited by any claims described in the other. The rights accorded to the complainant in the fifth paragraph were, however, but a part of those provided for in the agreement. The parties did not intend to have a decree entered in this suit, and an injunction order go against the defendant herein, and continue their disputes in other tribunals. It cannot be that Scott intended to permit decree to be entered against him in the suits wherein he was the real defendant, and then be compelled to forego the advantage of decrees in those wherein he was complainant; to discontinue litigation by submitting to unlimited injunction against himself and his licensees, and receive in return permission to continue his suits for the establishment of his rights under the Raymond & Doty patent, which he claimed were infringed, if he did not submit to such decree as the defendants afterwards saw fit to accede to. The object of the agreement was declared to be the termination of all litigation between the parties, as well that elsewhere as in this court. The rights of the parties were made mutual and reciprocal to accomplish the end in view. Gunn, as well as complainant, is entitled to decrees of settlement.

The privilege of entering decree in this cause will not be granted to the complainants except upon terms, viz. that they should stipulate to give to William S. Gunn their consent to the entry of proper decrees in the said several suits wherein the said Gunn is complainant and they are the real parties defendant, the settlement of which was contemplated by the parties at the time the agreement was signed, to the end that the said agreement may be fully and simultaneously carried into effect.